The Honorable Billy Joe Purdom State Representative HCR 66, Box 34 Yellville, AR 72687
Dear Representative Purdom:
This is in response to your request for an opinion on the following questions:
 1. Does this statute [A.C.A. 7-1-103(2)] apply to an elected public official and does it prohibit them from campaigning during office hours for themselves?
 2. Can the Quorum Court or any other person set an elected official's hours?
Arkansas Code of 1987 Annotated 7-1-103(2)(A) (Supp. 1989) states:
 It shall be unlawful for any public officer, deputy, or assistant to devote any time or labor during usual office hours towards the campaign of any other candidate for office or for the nomination to any office.
Violations of Section 7-1-103 are deemed misdemeanors, punishable as provided thereunder. See A.C.A. 7-1-103(29) (30).
The term "public officer" under 7-1-103(2) reasonably encompasses elected public officials. It is therefore my opinion that the answer to the first part of your first question is "yes".
Since the above language speaks of "any other candidate for office or for the nomination to any office," it may reasonably be concluded that it is not unlawful under 7-1-103(2)(A) (Supp. 1989) for an elected public official to campaign for himself or herself during office hours.[1] This is not to say, however, that other lawful prohibitions do not exist in this regard with respect to certain offices and/or positions. The civil service commission laws, for instance, contain prohibitions in connection with political campaigns and candidacy for office. See, e.g., A.C.A.14-49-202, 14-49-306, 14-50-202, 14-50-306, 14-51-202. The Governor's Policy Directive Number GPD-9 with regard to state employee political activity must also be noted; this policy prohibits state employees from engaging in partisan political activity during working hours. The policy also references the fact that there are other specific limitations which apply to employees whose salaries are either partially or totally paid from federal funds. The Federal Hatch Act (5 U.S.C. § 1501 et seq.) must be considered in this regard. Reference should also be made to applicable agency policy or rules.
It thus becomes apparent that the absence of a prohibition under A.C.A. 7-1-103(2) is not necessarily dispositive of questions involving office-hour campaigning. Potential restrictions involving the particular position(s) must be considered.
It appears that the answer to your second question, is generally, "no". Arkansas Code of 1987 Annotated 14-14-805, which sets limitations upon the county quorum courts' local legislative authority, must be considered. Subsection (2) of 14-14-805 states in pertinent part:
 [S]ubject to the limitations imposed by the Arkansas Constitution and state law . . ., a quorum court may exercise any legislative authority with regard to employee policy and practices of a general nature, including . . . general office hour policies . . . Legislation promulgated by a quorum court dealing with matters of employee policy and practices shall be applicable only to employees of the county and shall not apply to the elected county officers of the county. [emphasis added]
As to the prohibition under A.C.A. 7-1-103(2), however, it must be recognized that this campaign limitation refers to time or labor devoted during "usual office hours." [emphasis added] It is my opinion that the elected official's office hours cannot unreasonably depart from the norm in an effort to narrow this prohibition. This will, of course, involve a factual question in each instance. The point to be noted is that for purposes of7-1-103(2), the office hours set by an elected official may not be decisive.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] Subsection (3) of 7-2-103 must be noted, however, wherein it prohibits the use of any office or room furnished at public expense" for political headquarters of a public officer, deputy, or assistant who is a candidate for office. This subsection also prohibits the distribution of "any letters, circulars, or other campaign literature from a public office or room."